UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JESSICA LEE                                                              CIVIL ACTION

VERSUS                                                                   NO. 10-186

WAL-MART STORES EAST, L.P.                              MAGISTRATE JUDGE
                                                                                JOSEPH C. WILKINSON, JR.

**ORDER ON MOTION**

APPEARANCES:  None (on the briefs)

MOTION:          Defendant's Motion for Summary Judgment, Record Doc. No. 22

O R D E R E D:

 XXX :  DENIED.  If there is some set of undisputed material facts sufficient to support judgment in favor of defendant, that set of facts–if it exists–has been wholly obscured in the mountain of materials submitted by both parties, particularly the deposition testimony of plaintiff herself.  The blunderbuss approach taken by both sides in connection with this motion has convinced me that this is a disputed-fact-intensive case, which can only be resolved at trial, not on motion.  One can only hope that the focus of the parties at trial will be narrower and sharper than it has been in connection with this motion.  Although plaintiff's case appears to be as weak as pigeon milk, I cannot conclude that her "critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant."  Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (quotation omitted) (emphasis in original); accord Duron v. Albertson's LLC, 560 F.3d 288, 291 (5th Cir. 2009).

    I am not satisfied that the statement of 94 separate, purportedly uncontested material facts provided by defendant is in fact established.  Particularly troublesome is defendant's complete discounting of plaintiff's sworn testimony for summary judgment purposes, even describing it as "incredible" in one spot.  Record Doc. No. 22-23 at p. 20. While there may be reasons why a factfinder would not find plaintiff's testimony credible, and much of the case depends on her own testimony, which clearly will be subject to challenge and doubt through cross-examination at trial, these are factfinder functions that the court cannot undertake on summary judgment.  Anderson v. Liberty

Lobby, 477 U.S. 242, 255 (1986); Avdeef v. Rockline Indus., Inc., 404 F. App'x 844, 845 (5th Cir. 2010); Deville v. Marcantel, 567 F.3d 156, 165 (5th Cir. 2009), cert. denied, 130 S. Ct. 2343 (2010); Provident Life & Accident Ins. Co. v. Goel, 274 F.3d 984, 991 (5th Cir. 2001); Thomas v. Great Atl. & Pac. Tea Co., 233 F.3d 326, 331 (5th Cir. 2000).

While plaintiff's case may be weak, I can only conclude on the basis of the voluminous record that genuine dispute as to material facts remains for trial, including but not limited to whether: plaintiff's white store manager discriminated and retaliated against her and in favor of her white, male co-manager in job assignments; plaintiff complained orally or in writing of racial discrimination and retaliation by her store manager; Wal-Mart treated her white, male co-manager more favorably in similar circumstances by demoting him, instead of terminating his employment, after he sent a threatening text message to plaintiff; Wal-Mart selectively enforced against plaintiff, by terminating her employment, the company's written policy regarding employees running after shoplifters, while other employees (who may or may not have been similarly situated for purposes of this policy) were not similarly treated, thus rendering defendant's stated reasons for her termination pretextual; plaintiff's white, female co-manager attempted to influence other employees to provide written statements to Wal-Mart that would reflect negatively on plaintiff concerning the running incident; racial or retaliatory animus on the part of plaintiff's female co-manager influenced the decision by plaintiff's superiors to terminate her employment; and defendant's termination of plaintiff's employment was racially discriminatory or retaliatory.

New Orleans, Louisiana, this ___28th___ day of April, 2011.

                                                                JOSEPH C. WILKINSON, JR.
                                                                UNITED STATES MAGISTRATE JUDGE